UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES, et al.,<br><br>Defendants. | Case No. 1:25-cv-00981-JLT-EPG<br><br>ORDER DENYING MOTION TO ELECTRONICALLY FILE (E-FILE) DOCUMENTS<br><br>(ECF No. 5) |

## I. INTRODUCTION

Plaintiff Prince Paul Raymond Williams proceeds *pro se* in this civil action filed on August 7, 2025. Now before the Court is his motion to electronically file (e-file) documents in this case. (ECF No. 5). For the reasons explained below, the Court will deny the motion.

## II. BACKGROUND

Plaintiff has filed four cases so far this month: 1:25-cv-957-JLT-SAB; 1:25-cv-973-KES-HBK; 1:25-cv-980-KES-EPG; and 1:25-cv-981-JLT-EPG (his instant case). Plaintiff's filings in his cases have been voluminous. As one example, in the instant case, he has filed a 60-page complaint (including the civil cover sheet), a motion for a temporary restraining order, and his motion to e-file documents. Additionally, in his other case before the undersigned, 1:25-cv-980-KES-EPG, he has filed a 40-page complaint (including the civil cover sheet), a motion for a temporary restraining order, and a motion to e-file documents.

1

In the instant case, while the Court has directed Plaintiff to submit the long-form *in forma pauperis* (IFP) application to better understand his finances, Plaintiff's short-form IFP application states that he worked until July 17, 2025, and was paid about $940. (ECF No. 2, p. 1; *see* ECF No. 4).

In instant motion to e-file documents, Plaintiff asserts that he "cannot bear the burden of printing, copying, and mailing *voluminous filings*, and without ECF credentials he risks waiver of rights, missed deadlines, and denial of meaningful access to the courts." (ECF No. 5, p. 1) (emphasis added). He contends that he has "no income or assets sufficient to cover mailing, copying, or commercial-filer fees without undue hardship." (*Id.* at 2). Accordingly, he asks that he be granted leave to e-file all documents.

### III.   ANALYSIS

Under the Court's Local Rules, *pro se* parties are required to "file and serve paper documents" and "may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." Local Rule 133(b)(2) (emphasis omitted). Any request for an exception to this Rule must be submitted as a stipulation between the parties or via a motion. Local Rule 133(b)(3). And it is within the Court's discretion to grant or deny such a request. *Reddy v. Precyse Solutions LLC*, 2013 WL 2603413, at *3 (E.D. Cal. June 11, 2013).

Upon considering Plaintiff's motion and the above legal standards, the Court declines to exercise its discretion to grant Plaintiff permission to e-file. First, Plaintiff's voluminous filings in four cases this month show that he can use the ordinary paper method for filing documents. Moreover, information in his IFP application shows that he has funds available to use for filings.

Second, Plaintiff's motion seeks permission to e-file in part to allow him to file voluminous documents with the Court. Indeed, Plaintiff's filings in this and other cases pending in this Court show that Plaintiff frequently files voluminous pleadings. The Court is concerned that permitting electronic filing may encourage Plaintiff to file unnecessarily voluminous filings, taxing the limited resources of the Court.

\\\
\\\
\\\

**IV.     CONCLUSION**

Accordingly, IT IS ORDERED that Plaintiff's motion to e-file documents is denied. (ECF No. 5).

IT IS SO ORDERED.

Dated:  **August 18, 2025**                    /s/ Eric P. Grosjean
                                                            UNITED STATES MAGISTRATE JUDGE