UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF<br>CHILD SUPPORT SERVICES, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00981-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION<br><br>(ECF No. 3) |

Plaintiff Prince Paul Raymond Williams is proceeding *pro se* in this civil action.[1]

On August 11, 2025, Plaintiff filed an ex parte application for a temporary restraining order and an order to show cause regarding preliminary injunction. (ECF No. 3). On August 19, 2025, the assigned District Judge referred the filing to the undersigned for appropriate action. (ECF No. 7).

For the reasons stated below, the Court recommends denying Plaintiff's ex parte application for a temporary restraining order and order to show cause regarding preliminary injunction.

**I.   BACKGROUND**

    **a.   Complaint**

Plaintiff filed his complaint on August 7, 2025. (ECF No. 1). While Plaintiff brings a host

---

[1] Plaintiff has not paid the filing fee, and his application to proceed *in forma pauperis* is pending. (ECF Nos. 2, 4).

1

of claims and cites differing authority (Constitutional rights, Federal criminal provisions, state law, *etc.*), his complaint and instant filing focus on the Fair Credit Reporting Act (FCRA). (ECF No. 3, p. 2, citing 15 U.S.C. § 1681s-2 of the FCRA); (ECF No. 1, p. 2 – alleging violations of the FCRA).

Generally, the complaint challenges the legitimacy of child support orders and alleges that levies related to such orders were wrongly reported "as debts in violation of the FCRA (15 U.S.C. § 1681 et seq.) and causing damaging tradelines without permissible purpose." (ECF No. 1, p. 11).

Among other relief, Plaintiff asks for an "[o]rder that Defendants hold all child-support collections, garnished wages, and related funds in a constructive trust for the benefit of Plaintiff and his minor children, and that those funds be immediately returned, plus prejudgment and postjudgment interest at the highest lawful rate." (*Id.* at 57).

### b. Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction

Plaintiff's instant motion states that "Defendants continue to garnish [his] wages and report false tradelines, depriving him of subsistence funds and damaging his creditworthiness . . ." and "[o]ngoing levies drain Plaintiff's subsistence income, forcing him into involuntary extended workweeks contrary to federal safety regulations and exposing him to irreparable physical and economic harm." (ECF No. 3, p. 3).

Plaintiff requests injunctive relief as follows:

Grant of an *ex parte* temporary restraining order enjoining any non-judicial garnishment, levy, or credit-reporting action against Plaintiff.

A hearing on the *Order to Show Cause* to be scheduled for a date and time to be determined by the Court, at which Defendants must appear and show cause why a preliminary injunction should not issue.

Instructions requiring Plaintiff to serve the signed *Temporary Restraining Order and Order to Show Cause* immediately upon entry of the Order.

(*Id.* at 4).

Plaintiff's motion relies solely on allegations presented in complaint and does not include any evidence or exhibits in support.

## II. LEGAL STANDARDS

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Trust Drivers*, 415 U.S. 423, 439 (1974). The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (explaining that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Preliminary injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is an extraordinary and drastic remedy, that is never awarded as of right." *USI Ins. Servs. LLC v. Wright*, No. 4:23-CV-01070-YGR, 2023 WL 2563075, at *1 (N.D. Cal. Mar. 17, 2023) (internal quotation marks and citation omitted).

"Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (emphasis in original). "The propriety of a temporary restraining order, in particular, hinges on a significant threat of irreparable injury [] that must be imminent in nature." *Givens v. Newsom*, 459 F. Supp. 3d 1302, 1310 (E.D. Cal. 2020).

"Conclusory affidavits are insufficient to demonstrate irreparable harm," and "although damage to reputation and goodwill can rise to the level of irreparable harm in the infringement context, conclusory statements and theoretical arguments supporting such harm are insufficient to show a likelihood that such harm will be likely, substantial, and immediate." *Ontel Prods. Corp. v. Brownstone Res., LLC*, No. SACV21-01359 JVS (DFMx), 2021 WL 6103538, at *2, 6 (C.D. Cal. Aug. 20, 2021)

Further, "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." *Sampson v. Murray*, 415 U.S. 61, 90, (1974). "[E]conomic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a

damage award." *Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc.* 944 F.2d 597, 603 (9th Cir. 1991).

> The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Sampson,* 415 U.S. at 90 (citation omitted).

### III.    ANALYSIS

In light of the above standards, the Court recommends denying Plaintiff's ex parte application for a temporary restraining order and order to show cause regarding preliminary injunction because Plaintiff has not met his burden of showing that a significant threat of imminent irreparable injury is likely.

Plaintiff claims that he will suffer irreparable harm unless relief is granted because "Defendants continue to garnish [his] wages and report false tradelines, depriving him of subsistence funds and damaging his creditworthiness" and "[p]ost-deprivation remedies . . . cannot compensate for loss of employment, housing, or the ongoing tidal-wave of credit inquiries and reputational ruin." (ECF No. 3, p. 2).

But Plaintiff fails to describe any potential harm in detail, provide developed factual allegations, or include any supporting evidence. Nor does he explain why any alleged harm cannot be compensated by monetary damages at the end of this case. For example, Plaintiff could seek damages for any harm resulting from the allegedly improper reporting of his debt. Further, Plaintiff's assertion of unspecified "reputational ruin" is conclusory and cannot support his request for injunctive relief.

Therefore, the Court will recommend denying Plaintiff's ex parte application for a temporary restraining order and order to show cause regarding preliminary injunction.[2]

---

[2] Because the Court finds that Plaintiff has not satisfied the requirement of demonstrating irreparable harm, the Court declines to address whether Plaintiff has met the other *Winter* elements.

4

### IV. CONCLUSION AND RECOMMENDATIONS

Accordingly, for the reasons given above, IT IS RECOMMENDED that Plaintiff's ex parte application for a temporary restraining order and order to show cause regarding preliminary injunction be denied. (ECF No. 3).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 22, 2025**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE