1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

9

PRINCE PAUL RAYMOND WILLIAMS,

10

Plaintiff,

11

v.

12

CALIFORNIA DEPARTMENT OF
CHILD SUPPORT, et al.,

13

Defendants.

14
15
16
17
18

No.  1:25-cv-00981-JLT-EPG

FINDINGS AND RECOMMENDATIONS,
RECOMMENDING THAT THIS CASE BE
DISMISSED, WITHOUT PREJUDICE, FOR
(1) FAILURE TO STATE A CLAIM; (2)
FAILURE TO COMPLY COURT ORDERS,
AND (3) FAILURE TO PROSECUTE THIS
CASE

(ECF Nos. 11, 12, 14)

OBJECTIONS, IF ANY, DUE WITHIN
THIRTY (30) DAYS

19
20
21

Plaintiff Prince Paul Raymond Williams is proceeding *pro se* and *in forma pauperis* in this civil action. Plaintiff filed the complaint commencing this action on August 7, 2025. (ECF No. 1). He then filed a first amended complaint on September 29, 2025. (ECF No. 11).

22
23

The Court concludes that the first amended complaint fails to state any cognizable claims because it violates Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

24
25
26

Moreover, Plaintiff has failed to respond to court orders to file a redacted version of his initial complaint despite being warned of possible dismissal, which likewise demonstrates his failure to prosecute this case. (ECF Nos. 12, 14).

27
28

Accordingly, the Court recommends that this case be dismissed, without prejudice, for

failure to state a claim, failure to comply with court orders, and failure to prosecute this case.

## I.    SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss a case that "is frivolous or malicious;" "fails to state a claim on which relief may be granted; or "seeks monetary relief against a defendant who is immune from such relief."

## II.    BACKGROUND

Plaintiff filed his initial complaint on August 7, 2025 (ECF No. 1). Because Plaintiff's initial complaint contained the unredacted names of two minors in violation of Federal Rule of Civil Procedure 5.2(a)(3), the Court issued an order on September 30, 2025, directing Plaintiff to file a redacted copy of the complaint within 10 days using only the minors' initials. (ECF No. 12). The Court advised Plaintiff that failure to comply with this order could result in dismissal of the case. (*Id.* at 2).

After Plaintiff failed to comply with the Court's order, the Court gave him another opportunity to do so, issuing the following minute order on October 20, 2025, which noted the Court's concern that Plaintiff had abandoned the prosecution of this case.

> On September 30, 2025, the Court ordered Plaintiff to file a redacted copy of his initial complaint (which contained the full names of minors) within 10 days, but Plaintiff has failed to comply with this order or file anything since then. (ECF No. 12 ). Plaintiff's failure to respond not only demonstrates that he has chosen not to comply with a court order but indicates that he may have abandoned the prosecution of this case. Upon consideration, the Court will grant Plaintiff a single sua sponte extension to October 30, 2025, to comply with the Court's order requiring redaction of the initial complaint. (ECF No. 12 ). Plaintiff is warned that failure to comply with this order, or any other court order, may result in sanctions, including the dismissal of this case.

(ECF No. 14).

Plaintiff has also failed to respond to this order. Rather, the last filing in this case from Plaintiff was his first amended complaint filed on September 29, 2025, which he did before the Court screened his initial complaint. (ECF No. 11).

Turning to Plaintiff's amended complaint, it is 154 pages long. It asserts 14 causes of action against 10 named Defendants. Plaintiff brings a host of claims and cites differing authority (Constitutional rights, Federal criminal provisions, Federal civil provisions, state law, etc.);

factually, his amended complaint mainly argues that Defendants violated his rights in connection with attempts to collect his child support obligations.

> Plaintiff Prince Paul Raymond Williams, proceeding in propria persona, brings this civil action to redress continuing deprivations of federal and California rights caused by the issuance and enforcement of administrative income-withholding orders and the related furnishing of derogatory credit information by state and county child-support actors in Fresno and Solano Counties. Two Title IV-D matters are at issue: (1) a case opened in Fresno County in or about 2010 and later enforced in Solano County following the unilateral relocation of Plaintiff's minor child; and (2) a Fresno County case opened in or about 2014. Since inception of each account, Defendants have diverted Plaintiff's wages month after month without providing constitutionally adequate notice, access to calculations, a meaningful opportunity-to-be heard before a neutral adjudicator, or de novo review following an objection to commissioner jurisdiction, and have furnished materially inaccurate and misleading tradelines to national consumer reporting agencies, damaging Plaintiff's credit and employment prospects.

(ECF No. 11, at p. 4).

Among the various causes of action alleged, Plaintiff lists 42 U.S.C. § 1983, The Fair Credit Reporting Act, and state law claims (including defamation, conversion, and fraud).

## III.    FAILURE TO COMPLY WITH RULE 8(a)

### A.    Rule 8(a) Legal Standards

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

*pro se* complaints should continue to be liberally construed after *Iqbal*).

      **B.**    **Analysis**

      The Court concludes that Plaintiff's amended complaint violates Rule 8(a). First, Plaintiff's complaint is needlessly long, mostly because Plaintiff includes irrelevant information. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (noting that Rule 8(a) is violated "when a pleading says *too much*") (emphasis in original); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (collecting authority that Rule 8(a) is violated when a complaint is needlessly long and contains irrelevant information). Plaintiff's complaint is 154 pages, and while "verbosity or length is not by itself a basis for dismissing a complaint," there is "no authority supporting the proposition . . . that a pleading may be of unlimited length." *Cafasso, U.S. ex rel.*, 637 F.3d at 1058 (citation omitted). A significant portion of the complaint's length is devoted to irrelevant information. For example, Plaintiff cites legal cases and doctrines not directly related to his causes of action, *e.g.*, the *Rooker-Feldman* doctrine.[1] (*See, e.g.*, ECF No. 11, pp. 10, 12, ); *see Yould v. Barnard*, No. 5:18-CV-01255-EJD, 2018 WL 4105094, at *4 (N.D. Cal. Aug. 29, 2018) (noting that complaint violated Rule 8(a) where "[i]t contain[ed] extensive sections of legal argument which make it nearly impossible for a defendant or the court to sort out alleged facts from opinion or commentary" and that "[t]hese statements [were] unnecessary to state a claim and serve only to confuse"). Plaintiff also prematurely addresses summary judgment under Federal Rule of Civil Procedure 56, listing what he believes are material disputes of fact. (ECF No. 11, p. 120). Similarly, he addresses "[a]nticipated defenses" in the case and explains "how they are defeated." (*Id.* at 76). Importantly, a complaint is intended to present a short and plain statement of claims—it is not a means to provide legal argument, address potential dispositive motions, or refute defenses a defendant may raise.

      Second, Plaintiff's allegations improperly group all Defendants together without making clear which individual Defendants undertook the actions underlying his claims. For example, the amended complaint states as follows:

---

[1] "The *Rooker–Feldman* doctrine takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Under *Rooker–Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).

4

> Defendants, acting under color of state law, deprived Plaintiff of a protected property interest in wages without constitutionally adequate pre-deprivation process by (a) issuing and expanding administrative IWOs that conscripted Plaintiff's Fresno employer without a neutral adjudicator, individualized notice, disclosure of calculations, or de novo review after a timely Cal. Fam. Code§ 4251(b) objection; and (b) reinforcing the seizure with seal-bearing demands and "*court-ordered*" representations to induce compliance. This states a claim under 42 U.S.C. § 1983 against individual actors and under *Monell* against Fresno and Solano Counties.

(*Id.* at 42).

Thus, for the reasons explained above, Plaintiff's complaint fails to comply with Rule 8(a) and is subject to dismissal on that basis.

## IV.    FAILURE TO COMPLY WITH COURT ORDERS AND PROSECUTE

Plaintiff's complaint is likewise subject to dismissal for failure to comply with court orders and to prosecute this case.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Here, Plaintiff has failed to respond to two court orders directing him to file a redacted version of his initial complaint. Aside from this failure, his silence indicates that he has abandoned the prosecution of this case. Plaintniff's failures are delaying the case from proceeding and interfering with docket management, as the case cannot progress without some indication that Plaintiff will abide by the

Court's orders and prosecute this action. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with court orders and prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to respond to court orders or prosecute this action, despite being warned of possible dismissal on two occasions, there is little available to the Court besides dismissal which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Notably, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Further, because the Court is recommending dismissal without prejudice, it has stopped short of recommending the harsher sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court concludes that dismissal without prejudice is appropriate.

## V.    CONCLUSION AND ORDER

For the reasons explained above, IT IS RECOMMENDED that:

1.    This case be dismissed, without prejudice, based on Plaintiff's failure to state a claim, failure to comply with court orders, and failure to prosecute this case.

2.    The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, Plaintiff may file written objections with the Court. Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Such a document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 18, 2025**          /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE